UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Deborah Franzone,<br><br>    *Plaintiff*,<br><br>v.<br><br>Board of Education Maercker School District No. 60, *et al.*,<br><br>    *Defendants*. | No. 24 CV 6285<br><br>Judge Lindsay C. Jenkins |

**ORDER**

Deborah Franzone, a school nurse with Maercker School District No. 60 until 2023, brings this employment discrimination case against her former employer. She alleges retaliatory termination in violation of various federal and state statutes. Defendants seek dismissal of three of her claims: first amendment retaliation (Count VI), Americans with Disabilities Act and Rehabilitation Act retaliation (Count VII), and Illinois Whistleblower Act retaliation (Count VIII). For the reasons explained below, the motion is granted in part and denied in part.

Franzone, a certified registered nurse, was hired as a school nurse at Westview Hills Middle School in 2010. [Dkt. 10, ¶8.][1] Franzone alleges that in the fall of 2021, she began raising concerns with school administrators, staff members and other personnel that the District could be violating students' rights under the Individuals with Disabilities Education Act ("IDEA"), the Family Educational Rights and Privacy Act ("FERPA"), and the Health Insurance Portability and Accountability Act ("HIPAA") arising from the confidentiality, storage, and destruction of student health information being provided to the bus transportation company used by the District. [*Id.*, ¶ 24.] Franzone alleges that her concerns were ignored by school administrators. [*Id.*, ¶ 25.] In 2022, Franzone was asked to provide a list of students with health concerns to the bus company. [*Id.*, ¶ 47.] She alleges that she refused to do so, again "mentioned [her] concerns about confidentiality and privacy for the students and how these records were going to be stored and used," and said that "FERPA and IDEA laws were being violated." [*Id.*] Franzone also alleges that she was asked to supply and stock epi-pens on buses for students' emergency use, that she expressed misgivings about medication storage and training, and she ultimately "refused to violate FERPA and IDEA" for fear that doing so might impact her nursing license.

---

[1] The Court takes Franzone's allegations as true for present purposes. *See Page v. Alliant Credit Union*, 52 F.4th 340, 346 (7th Cir. 2022).

[*Id.*] According to Franzone, her complaints and refusals were met with various forms of retaliation, ultimately leading to her termination in March 2023. [*Id.*, ¶ 8.]

*Legal Standard*

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleadings. "To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim to relief that is plausible on its face." *Page*, 52 F.4th at 346 (cleaned up). The Court takes all factual allegations as true and draws reasonable inferences in favor of the plaintiff when ruling on a motion to dismiss. *Id.*

*First Amendment Retaliation*

Count VI alleges a First Amendment Retaliation claim. The First Amendment generally "prohibits government officials from subjecting an individual to retaliatory actions for engaging in protected speech." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (cleaned up). But when the speech is that of a public employee, the First Amendment's protection of that speech may be limited. See *Kingman v. Frederickson*, 40 F.4th 597, 601 (7th Cir. 2022) ("If a public employee speaks pursuant to his 'official duties,' the First Amendment generally will not shield the individual from an employer's control and discipline because that kind of speech is—for constitutional purposes at least—the government's own speech." (cleaned up)). To establish a prima facie First Amendment retaliation claim, "a public employee first must prove that his speech is constitutionally protected." *Forgue v. City of Chicago*, 873 F.3d 962, 966 (7th Cir. 2017) (cleaned up).

For a public employee to establish that speech is constitutionally protected, the employee must adequately allege that the speech (1) was made as a private citizen rather than pursuant to her official duties, and (2) addressed a matter of public concern. *Id.* at 966–67; see also *Kubiak v. City of Chicago*, 810 F.3d 476, 481 (7th Cir. 2016) (citing *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)). Put differently, the First Amendment does not empower public employees to "constitutionalize the employee grievance." *Lett v. City of Chicago*, 946 F.3d 398, 400 (7th Cir. 2020).

Franzone's response brief clarifies that the following categories of complaints made to school administrators and staff members were protected speech:

- the confidentiality, storage, and destruction of confidential health information for students that rode the school bus;

- whether contracted bus drivers ever received any training on statutorily protected information, and

- the District's failure to publish notice to students and parents identifying which staff had access to student information.

[Dkt. 10, ¶ 24, 47-48; Dkt. 19 at 4-5.] According to Franzone, these statements were protected speech because reporting on student privacy matters "had nothing to do with [her] official position as the school nurse." [*Id.* at 5-6.] The Court does not agree.

Franzone has not plausibly alleged that she was speaking as a public citizen. The complaint includes allegations about Franzone's duties and responsibilities, which the Court must use (and take as true) to determine whether she spoke as a citizen rather than pursuant to official duties. *Forgue*, 873 F.3d at 967 (courts must conduct "a practical inquiry into what duties the employee is expected to perform," which "is not limited to the formal job description.") For example, Franzone alleges that when she was asked to provide the list of student names to the bus company, "[a]s a nurse, Plaintiff asked valid questions about medication storage and training." [Dkt. 10, ¶ 47.] She also alleges that on other occasions, she was asked to assist with "a district audit for health item compliance." [*Id.*, ¶ 65.]

Franzone's speech—which raised "concerns" about patient confidentiality, medication storage and the like—falls within the ambit of her work-related duties, as Franzone herself alleges. Her job responsibilities included topics like medication storage and training and compliance, so her statements raising concerns about how the District was handling these matters fell squarely within those duties. *McArdle v. Peoria Sch. Dist. No. 150*, 705 F.3d 751, 754 (7th Cir. 2013) ("[A] public employee's commentary about misconduct affecting an area within her responsibility is considered speech as an employee," even if "investigating and reporting misconduct is not included in her job description or routine duties."). Because the complaint does not allow for the reasonable inference that Franzone complaints were not "intimately connected" with her job duties, Count VI is dismissed. *Kubiak*, 810 F.3d at 482 (explaining that plaintiff spoke as an employee because her "speech was intimately connected with her professional duties").[2]

## *ADA Retaliation*

Count VII alleges that Franzone was fired in retaliation for engaging in protected activity under the Rehabilitation Act and the Americans with Disabilities Act, 42 U.S.C. § 12203. To state a retaliation claim, a plaintiff must show: (1) a statutorily protected activity; (2) an adverse employment action; and (3) a causal connection between the protected activity and the adverse action. *Trahanas v. Northwestern Univ.*, 64 F.4th 842, 856 (7th Cir. 2023). Protected activity under the ADA includes opposing "any act or practice made unlawful by this chapter" or participating in "an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). "In other words, the ADA protects from retaliation those who have

---

[2] The Complaint also lacks allegations to adequately establish that Franzone spoke on a matter of public concern. The content, form, and context of her concerns were made up the chain of command, which suggests that her objective was to "air a personal grievance," not to address a matter of public concern. *Id.* at 483.

3

'engaged in activities protected by the ADA, . . . not activities protected only by other antidiscrimination laws." *Bruno v. Wells-Armstrong*, 93 F.4th 1049, 1055–56 (7th Cir. 2024).

Franzone does not allege that she is disabled or that she sought to exercise rights under the ADA on her own behalf. Instead, she alleges that she engaged in "statutory protected activity under [the statutes] when she advocated for the disability rights of students," eventually resulting in her termination. [Dkt. 10, ¶ 135, 136.]

Defendants argue, and the Court agrees, that the amended complaint does not allege facts articulating Franzone's involvement in any "investigation, proceeding, or hearing" under § 12203(a). At most she says that she advocated "for the disability rights of students by alleging concerns about the confidentiality rights." [Dkt. 19 at 9.] But nothing about these allegations would allow for the plausible inference that she participated "in an investigation, proceeding, or hearing" as contemplated under the ADA. Nor does she allege facts showing that she "aided or encouraged any other individual" in their exercise of a right protected by the ADA. § 12203(b). At most, Franzone alleges that certain Defendants demanded that she "share private confidential student information," but these allegations do not allow for the inference that she engaged in any statutorily protected activity. Count VII is dismissed.

*Illinois Whistleblower Act Claim*[3]

Count VIII alleges a violation of Illinois Whistleblower Act under Sections 15 and 20. The Act protects employees from retaliation for disclosing unlawful conduct to a government or law enforcement agency, 740 ILCS 170/15(b) ("Section 15"), or "for refusing to participate in an activity that would result in a violation of … law, rule, or regulation," 740 ILCS 170/20 ("Section 20"). These are distinct claims, *see Rehfield*

---

[3] The parties do not agree on whether the Tort Immunity Act's one-year statute of limitations period applies. Illinois courts have not decided whether this limitations period applies to retaliation claims such as those brought under the Illinois Whistleblower Act. *See Halleck v. Cnty. of Cook*, 264 Ill. App. 3d 887, 891(1994) ("Retaliatory discharge claims have consistently been recognized as torts."); *Midgett v. Sackett-Chicago, Inc.*, 105 Ill. 2d 143, 150 (1984) (affording tort remedies to victims of retaliatory discharge); *Smith v. Waukegan Park Dist.*, 231 Ill. 2d 111, 117 (2008), *as modified on denial of reh'g* (Sept. 22, 2008) (declining to apply immunity section of Illinois Local Governmental and Governmental Employees Tort Immunity Act "in cases of retaliatory discharge because the employer, not the employee, ultimately causes the injury"); *Williams v. Off. of Chief Judge of Cook Cty.*, 839 F.3d 617, 627 (7th Cir. 2016) ("It is unclear under Illinois law whether this statute of limitations applies to retaliatory discharge claims under the Illinois Whistleblower Act."). At least one appellate court has indicated that it does, *see Taylor v. Bd. of Educ. of City of Chicago*, 2014 IL App (1st) 123744, ¶ 46 (2014), and the majority of courts in this district to consider the issue have held that it does. *See Carey v. Chi. Transit Auth.*, 2021 WL 1853234, at *3 (N.D. Ill. May 10, 2021) (collecting cases). Defendants bear the burden for affirmative defenses, and the briefing does not establish that they have satisfied this burden at the pleading stage.

*v. Diocese of Joliet*, 182 N.E.3d 123, 133–34 (Ill. 2021) (Section 15); *Roberts v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 135 N.E.3d 891, 900–01 (Ill. 2019) (Section 20), and Franzone alleges that the District violated both provisions [Dkt. 10, ¶¶ 140-145].

Section 15(b)[4] prohibits an employer from "retaliat[ing] against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule or regulation." 740 ILCS 174/15(b). To succeed on a § 15(b) claim, a plaintiff must show (1) an adverse employment action by her employer, (2) which was in retaliation for (3) her disclosure to a government or law enforcement agency (4) of a suspected violation of an Illinois or federal law, rule, or regulation. *Sweeney v. City of Decatur*, 2017 IL App (4th) 160492, ¶ 15 (citing *Taylor v. Bd. of Educ. of the City of Chicago*, 2014 IL App (1st) 123744, ¶ 52). Defendants argue that Franzone's complaints about alleged violations of HIPAA, FERPA, and IDEA to school administrators, staff members, and school contracted personnel were internal and could not qualify as disclosure to a government or law enforcement agency under the Act. The Court agrees.

Internal reporting is insufficient to trigger the act's protections. *MiMidex Group, Inc. v. Fox*, 2018 WL 558500, at *9 (N.D. Ill. Jan. 24, 2018) (citing *Sweeney*, 2017 Ill.App. (4th) 160492 ¶ 19). Franzone argues that voicing her concerns directly to school district officials was the equivalent of a disclosure to government officials, (see dkt. 19 at 11), but this is nonsense. By "expressly including school districts in the definition of employer, the Illinois legislature did not intend to also include school district as a 'governmental or law enforcement agency.'" *Zelman v. Hinsdale Twp. High School Dist. 86*, 2010 WL 4684039, at *2 (N.D. Ill. Nov. 12, 2010) (under IWA, no cause of action where an employee reveals information only to his or her employer, including allegations of illegal conduct to "numerous school officials," "assistant principal," and the superintendent) Franzone's allegations of complaints to her superintendent and other school officials fail as a matter of law.

To succeed on a § 20 claim,[5] a plaintiff must show (1) she refused to participate in an activity that would result in a violation of a state or federal law, rule, or regulation, and (2) her employer retaliated against her because of that refusal. *Sardiga v. Northern Trust Co.*, 409 Ill. App. 3d 56, 61 (1st Dist. 2011) (citing 740 ILCS

---

[4] The amended complaint cites § 15(a), *see* dkt. 10, ¶141, but this prohibits an employer from retaliating against an employee who disclosed information "in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding." 740 ILCS 174/15(a). Franzone does not allege that she disclosed information in any such proceedings.

[5] The amended complaint also cites § 20.1 and § 20.2. [Dkt. 10, ¶¶ 144-145.] Section 20.1 prohibits an employer from retaliating against an employee for disclosing or attempting to disclose public corruption or wrongdoing. Franzone has not alleged any facts touching upon public corruption. Nor does she allege that Defendants threatened her in any way, as prohibited by Section 20.2. At most, she alleges that she was unlawfully terminated.

5

174/20). Here, Franzone alleges that she was asked to provide a list of names of students with health concerns to the bus company and that she was asked to supply and stock an epi-pen on each bus for emergency use, but she believed doing so would violate "FERPA and IDEA laws." [Dkt. 10, ¶47.] She also alleges that after raising these concerns, she "refused to violate FERPA and IDEA laws" for fear that it might impact her nursing license. [*Id.*]

Though the amended complaint could be clearer about how disclosure of student health information or stocking epi-pens on buses could constitute a violation of FERPA or IDEA (or even HIPAA), all that is required at the complaint stage are allegations sufficient to show that an agreement to disclose the health concerns to the bus contractor or an agreement to stock epi-pens would have resulted in a violation of some law, rule, or regulation. *Sharenow v. Drake Oak Brook Resort LLC*, 614 F.Supp.3d 623, 627-28 (N.D. Ill. July 13, 2022).[6] Assuming that Franzone's allegations are true, she has plausibly alleged that agreeing to do as instructed would have plausibly resulted in a violation of a law or regulation.

\* \* \* \* \*

A plaintiff usually receives at least one chance to fix deficiencies in a complaint. *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Because Franzone could clarify her complaint and cure the deficiencies discussed above, Counts VI and VII are dismissed without prejudice. *See Lee v. Northeast Illinois Regional Commuter Railroad Corporation*, 912 F.3d 1049, 1052–53 (7th Cir. 2019).

Enter: 24-cv-6285
Date: February 10, 2025

Lindsay C. Jenkins
United States District Judge

---

[6] Franzone's reliance on *Willms v. OSF Healthcare System*, 2013 IL.App (3d) 120450, ¶14 is unhelpful because that case analyzed a § 15(b) claim.